# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:08-CR-107 |
| ) | (Phillips) |
| RALPH T. O'NEAL ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion for new trial [Doc. 494]. The government has responded in opposition to the motion [Doc. 498]. For the reasons which follow, the defendant's motion is denied.

On June 9, 2011, a jury convicted defendant of numerous drug and firearm offenses, including one count of conspiring to distribute and possess with intent to distribute, at least five kilograms of cocaine hydrochloride and fifty grams of crack cocaine/cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Because defendant had two prior qualifying felony drug convictions and was convicted of conspiring to distribute at least five kilograms of cocaine hydrochloride, he was sentenced to life imprisonment as mandated by 21 U.S.C. § 841(b)(1)(A). On direct appeal, the Sixth Circuit Court of Appeals affirmed defendant's convictions and sentence. *United States v. Currier,* 473 Fed. Appx. 469 (6th Cir. Apr. 4, 2012). The United States Supreme Court denied

defendant's motion for writ of certiorari on October 10, 2012. Defendant filed two motions to reduce his sentence, asserting entitlement to reduction under Amendment 750 to the Sentencing Guidelines. This court denied the motions because defendant's life sentence was mandated by statute. The Sixth Circuit affirmed the denial of defendant's motions for reduction of sentence on December 27, 2012.

Defendant now moves for a new trial based upon "newly-discovered" evidence that he asserts would have had a material effect on the outcome of his trial. Specifically, defendant avers that the law enforcement officer who was the primary officer in his case in Roane County, Tennessee, who gathered and investigated the information that was used to prosecute him, Officer Kristopher Mynatt, did not have an Oath of Office filed with the County Clerk that complied with the statutory requirements. Moreover, neither did the Roane County Sheriff, Jack Stockton. Defendant further states that the oaths of office filed by Kris Mynatt, Gregory Stephen Russell and Gregory J. Scalf, were signed by a Deputy Clerk, which makes said Oath of Office deficient pursuant to Tenn. Code. Ann. § 8-18-107. Further, the Deputy Sheriff's bond for these deputies has not been executed. Defendant argues that pursuant to Tenn. Code Ann. § 8-18-112, any deputy, before proceeding to act shall take the Constitutional Oaths and the Oaths of Office, which shall be accompanied by the same certificate, filed in the same office, with the same endorsement as the oaths of such deputies' principal. Additionally, defendant avers that the Oaths of Office were required not only by the Tennessee Code, but by the Tennessee Constitution, Article X, § 1, which states in pertinent part that "every person who shall be

chosen or appointed to any office of trust or profit under this Constitution, or any law made in pursuance thereof, shall, before entering on the duties thereof, take an oath in support of the Constitution of this State, and of the United States, and an Oath of Office."

Defendant asserts that the deputies in question were performing their duties both in violation of Tennessee statutes and in violation of the Tennessee Constitution. Defendant further asserts that the evidence that was used to convict him at trial was gathered through the efforts of these deputies. Since the officers who obtained the evidence used to convict defendant were not authorized to act, defendant argues, all such evidence was obtained illegally. Had this information been available prior to trial, it could have been used as a basis for suppressing the evidence against defendant. Had the evidence been suppressed, the trial would have ended in an acquittal of defendant. Defendant further argues that the evidence could have been used to impeach the testimony of the Roane County deputies, raising reasonable doubt. This would have impacted the outcome of the trial, as well, and there would have been a different result. Therefore, defendant moves the court to set aside the verdict, judgment and sentence against him and set this matter for a new trial.

To prevail on a motion for a new trial based on newly discovered evidence, "a defendant must show that the new evidence (1) was discovered after the trial, (2) could not have been discovered with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal." *United States v. Hanna*, 661 F.3d

271, 298 (6th Cir. 2011). The government has responded in opposition to defendant's motion for new trial, asserting that the evidence is not new, it is not material, and would not have produced an acquittal. The court agrees.

First, the evidence cannot be considered "new." Prior to trial, defendant filed many *pro se* pleadings seeking the oaths of office of various people involved in this case. Defendant filed pleadings seeking (1) the federal clerk's commission, bond and oath of office; (2) seeking commissions of the judicial officers; (3) Freedom of Information Act request seeking the oaths of office, commissions, and risk management carriers for Magistrate Judge H. Bruce Guyton, Magistrate Judge C. Clifford Shirley, Assistant United States Attorney David C. Jennings, Assistant United States Attorney David P. Lewen, Jr. and his appointed elbow counsel, Steven Shope; (4) seeking records related to the selection process of Grand Jurors; and (5) seeking judicial oaths for the undersigned, as well as Magistrate Judges Guyton and Shirley. Based on defendant's pretrial filings, it is evident that defendant believed that the acquisition of oaths of office were important to his case, and a reasonably prudent person would have investigated the oaths of office of the Roane County deputies who participated in the investigation of his case. A defendant must exercise a degree of diligence commensurate with that which a prudent person would exercise in the conduct of important affairs. *See e.g., United States v. Cimera,* 459 F.3d 452, 461 (3rd Cir. 2006); *United States v. LaVallee*, 439 F.3d 670, 701 (10th Cir. 2006). Information regarding the deputies' oaths was available to defendant prior to his trial and in the exercise or ordinary diligence, he could (and should) have discovered it. Therefore,

the court finds defendant's assertion that this information is "new" is without merit. *See United States v. Maldonado-Rivera*, 489 F.3d 60, 69 (1st Cir. 2007) (holding defendant failed to meet his burden under Rule 33 because "he undertook some investigation into his situation but did not investigate it fully. He cannot now be allowed to interpose his disregard of the obvious as an excuse for his failure to learn about easily ascertainable evidence").

Defendant has not cited a single authority supporting his argument for suppression of evidence based upon a technical defect in a state officer's state oath of office. Even if defendant were able to demonstrate that this evidence was genuinely new, his "oath-based" argument is contrary to Tennessee precedent. *See Bollin v. State,* 486 S.W.2d 293, 295 (Tenn.Crim.App. 1972) (provision for spreading oaths of jury commissioners on the minutes is directory and failure to enter them does not vitiate the actions of the grand jury) citing *Farmers & Merchants Bank v. Chester*, 25 Tenn. 458 (1846) (Even if a proper oath has not been taken, one legally appointed to an office is an officer, and his official acts are valid as to the public and all third parties). Moreover, defendant's claim that a state officer's violation of a state law should result in application of the exclusionary rule to the Fourth Amendment, has been rejected by the United States Supreme Court. *See Virginia v. Moore,* 553 U.S. 164, 178 (2006) (It is not the province of the Fourth Amendment to enforce state law). Accordingly, the court finds that the defendant has failed to meet the first and second prongs of the new trial analysis.

Second, defendant has failed to show that the evidence is material and not merely cumulative or impeaching. The government points out that Roane County deputies Scalf and Russell did not investigate defendant's drug crimes, but instead, those officers investigated defendant's premeditated murder of a disabled man, which is scheduled to go to trial in 2013 in Roane County. The facts surrounding the state deputies' oaths are not material to anything related to his federal drug and gun prosecution. In addition, evidence that is merely impeaching also does not meet the test for a new trial. *See United States v. Colon-Munoz*, 318 F.3d 348, 361 (1st Cir. 2003) (explaining that "newly discovered evidence which is merely impeaching normally cannot form the basis for a new trial").

Last, the court cannot find that the alleged defects in the Roane County deputies' oaths would have produced an acquittal at trial. Evidence of the defendant's guilt was overwhelming. DEA Agent James Blanton testified that defendant confessed to trafficking between twelve and seventeen kilograms of cocaine, which he obtained from multiple sources in multiple states. The government also presented testimony of co-conspirators from which the jury could reasonably find defendant guilty of conspiring to distribute, and possess with intent to distribute, five or more kilograms of cocaine hydrochloride and fifty grams or more of cocaine base. Co-conspirator Brandon Cooper testified that during the seven-year conspiracy, defendant supplied him with roughly thirty kilograms of cocaine. The government introduced a recorded telephone conversation between defendant and co-defendant Stacy Harvey, in which Harvey complained of being short-changed during a controlled purchase. As stated by the Sixth Circuit Court of

Appeals in affirming defendant's convictions and life sentence, "Given the co-conspirator testimony, recorded conversations of O'Neal, and O'Neal's own confession, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *Currier,* 473 Fed. Appx. at 476.

In conclusion, the court finds defendant's evidence alleging defects in the Roane County deputies' oaths would have had no effect on his trial, nor would such evidence likely have produced an acquittal. Accordingly, defendant's motion for new trial is **DENIED.**

**IT IS SO ORDERED.**

**ENTER:**

        s/ Thomas W. Phillips
United States District Judge